**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FORTANIX IP HOLDING LIMITED,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendants.

Case No.: 1:26-cv-06524

Application granted.

SO ORDERED.

Hon. Ronnie Abrams
Aug. 3, 2026

**PLAINTIFF'S MOTION TO SEAL**

FORTANIX IP HOLDING LIMITED ("Plaintiff"), respectfully submits this application to file under seal the following documents until the hearing on Plaintiff's Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue or further order of the Court:

(1) Plaintiff's Schedule A attached to the Complaint, which identifies and includes a list of Defendants' online marketplace websites (the "Defendant Internet Stores") and the usernames for the Defendant Internet Stores;

(2) Screenshot printouts showing the active Defendant Internet Stores (Exhibit 4 to the Declaration of Haroon Shafiq); and

(3) Results from Panoramic Consulting Ltd.'s investigation of all Defendant Internet Stores' seller names, URLs, addresses, and phone numbers (Exhibit 1 to the Declaration of Yingchun Hou).

Plaintiff is provisionally filing the documents unredacted under seal pending the Court's determination of this motion.

In this action, Plaintiff is requesting *ex parte* relief based on claims for trademark, patent, and copyright infringement. Sealing the requested documents is necessary to prevent Defendants from learning of these proceedings prior to the entry of a temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying lawsuit and would interfere with this Court's power to grant relief. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

Therefore, Plaintiff respectfully requests that the Court grant Plaintiff leave to file its Schedule A attached to the Complaint, Exhibit 4 to the Declaration of Haroon Shafiq, and Exhibit 1 to the Declaration of Yingchun Hou under seal. *See, e.g., WowWee Group Ltd. v. Meirly,* No. 1:18-cv-00706 Document # 7 (S.D.N.Y. Feb. 5, 2018) (granting application to seal); *Allstar Marketing v. _GB Housewear Store*, No. 1:17-cv-07596 Document #22 (S.D.N.Y. Oct. 12, 2017) (same); *Spin Master Ltd. v. Alan Yuan's Store*, No. 1:17-cv-07422 Document #19 (S.D.N.Y. Oct. 13, 2017) (same); *Kipling Apparel Corp. et al v. Rhys*, No. 16-cv-990 Document #14 (S.D.N.Y. Feb. 17, 2016) (same).

Date: July 30, 2026

Respectfully,

*/s/ Martin Yi*

Martin Yi
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2300
myi@bsfllp.com

*Counsel for Plaintiff FORTANIX IP HOLDING LIMITED*