UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOTANIX IP HOLDING LIMITED,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendants.

26-CV-6524 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff brings this trademark action, alleging that Defendants—sellers of consumer goods on third-party marketplaces such as Amazon, eBay, and Shein—violated its trademark in a body oil product. *See generally* Dkt. No. 1 (Compl.). It filed an *ex parte* application for entry of an order to show cause and for a temporary restraining order. Dkt. No. 7 (Proposed Order); Dkt. No. 8 (Pl.'s Br.). Plaintiff filed Schedule A to the Complaint, which lists Defendants' identities, under seal. Dkt. No. 18. It also filed a second document detailing Defendants' addresses, platforms, country, and more. Dkt. No. 19-1 (Ex. 1 to the Shafiq Decl.). Haroon Shafiq, an employee of Plaintiff's, filed a Declaration on its behalf, describing Plaintiff's trademarks and patents, as well as Defendants' alleged counterfeiting of those products, albeit in only a generalized fashion. Dkt. No. 19 (Shafiq Decl.) ¶¶ 4–11 (description of Plaintiff's trademarks and patents), ¶¶ 14–28 (description of Defendants' conduct). Finally, Plaintiff filed a document titled Exhibit 4 to the Shafiq Declaration, which includes nearly 1,500 pages of what Shafiq describes as "screenshot printouts showing examples of the active Defendant Internet Stores, as well as pages confirming

the ability to order and ship Counterfeit Products to New York." *Id.* ¶ 20; Dkt. No. 20 (Ex. 4 to the Shafiq Decl.). Exhibit 4 contains screenshots of various online stores on Amazon, eBay, Shein, and other online marketplaces, each purporting to sell body oil products, as well as screenshots of checkout pages listing New York delivery addresses for those same products. *See, e.g.*, Ex. 4 to the Shafiq Decl. at 1, 12. Neither the Shafiq Declaration nor Exhibit 4 itself, however, identifies which particular Defendant operates the stores shown in each screenshot.

"The proponent of an *ex parte* temporary restraining order must establish . . . that it is likely to succeed on the merits." *MAHLE Thermal & Fluid Sys. Mfg. Mgmt., Inc. v. Stark Mfg., LLC*, 2026 WL 74282, at *2 (S.D.N.Y. Jan. 9, 2026). It is not clear which of Defendants' online stores are included in the screenshot "examples" depicted in Exhibit 4, nor is it clear which of Plaintiff's marks the items depicted in each example allegedly infringes. As a result, Plaintiff has not made showing as to each Defendant and has not yet met its burden for a temporary restraining order. To remedy this deficiency, no later than August 7, 2026, Plaintiff shall file a comparator chart, under seal. For each Defendant, the chart must clearly identify (a) at lest one screenshot of the infringing Defendants' store and product, and (b) which mark each such Defendant is alleged to have infringed.

SO ORDERED.

Dated: August 4, 2026
New York, New York

Ronnie Abrams
United States District Judge